**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
**No. 13-950V**
**Filed: March 5, 2014**

```
*************************************************
MERLE KAPLAN,                          *
                                       *
                   Petitioner,         *      Conceded; SIRVA; Flu
       v.                              *
                                       *
SECRETARY OF THE DEPARTMENT *
OF HEALTH AND HUMAN SERVICES, *
                                       *
                   Respondent.         *
*************************************************
```

### RULING ON ENTITLEMENT[1]

**Gowen**, Special Master:

On December 3, 2013, Merle Kaplan ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner suffered from a shoulder injury related to vaccine administration ["SIRVA"] as a result of a trivalent influenza ["flu"] vaccine she received on October 24, 2012. Petition at 4, para. 18.

On March 3, 2014, respondent filed her Rule 4(c) report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 6. Specifically, respondent submits that, "DVIC has concluded that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA") and that it was caused in fact by the flu vaccine she received on October 24, 2012. *Id.*; *See* 42 U.S.C. §300aa-13(a)(1).

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent also agreed, based on petitioner's medical records, that the statutory six month sequel requirement has been satisfied. Respondent's Report at 6. *See also* Pet. Ex. 6 at 79; Pet Ex. 5 at 2-4.

In view of respondent's concession and the evidence before me, I find entitlement to compensation based on an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. § 100.3(a)(XIV). A separate damages order will issue.

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master